

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

'RICE DANIEL  
ITTORNEY GENERAL

July 16, 1947

Hon. John C. Marburger  
County Attorney  
Fayette County  
La Grange, Texas

Opinion No. V-304

Re: Finality of a decision  
of the State Board of  
Education sustaining  
action of a County School  
Board closing an element-  
ary school.

Dear Sir:

We refer to your letter of June 26, 1947, in which you ask us to review your inquiry of May 8, 1947, in which you submitted the following:

"Some time during the year 1944, by order of the County Board of School Trustees of Fayette County, Texas, the Willow Springs Common School District and the Fayetteville Common School District and other comtiguous common school districts were grouped and formed the Fayetteville Rural High School District. After this grouping by the County Board of School Trustees, an elementary school was maintained at the Willow Springs School for the year 1944-1945. During this school year some eight grades were taught with about 53 pupils in attendance, maintaining an average daily attendance for said school year far above twenty.

"During the later part of the 1944-1945 school year, the Board of Trustees for the Fayetteville Rural High School District by its order closed the Willow Springs Elementary School for the coming 1945-46 school year and ordered the elementary pupils of the Willow Springs District to attend school at the Fayetteville Rural High School. The majority of the tax payers and patrons of the Willow Springs District protested to the Trustees of the Fayetteville Rural High School District, because of the closing of the Willow Springs School,

and finally the matter was taken to the
State Superintendent at Austin, Texas. On
April 1, 1946, the Willow Springs Elementary
School was again opened and six grades were
taught in said school for some forty days,
being the remainder of said school year.
During these forty days that the Willow
Springs School was reopened, said school
did not maintain an average daily attend-
ance of at least twenty pupils for various
reasons, such as, parents did not want to
transfer their children from one school to
another with only eight weeks of school re-
maining, and others had transferred their
children out of the district.

"At the end of the school year 1945-
1946, the Board of Trustees of the Fayette-
ville Rural High School District again en-
tered its order closing the Willow Springs
School for the 1946-1947 school year for
the reason that the average daily attendance
for the preceding year of 1945-1946 was be-
low twenty."

You ask whether or not action of the various
Boards was legal in closing the school. After receiv-
ing your inquiry we learned that the action of the Trus-
tees of the Fayetteville Rural High School District,
the subject of your inquiry, was reviewed and affirmed
by the State Superintendent of Public Instruction and
the State Board of Education, and that no appeal was
taken from the decision of the State Board. We are en-
closing copy of each of said decisions for your infor-
mation.

The Willow Springs School was changed to a
six grade elementary school. No appeal was taken from
the order of the School Board which so classified the
school. In the appeal from the order closing the school
the State Superintendent found, as a fact, that when all
of the children in the district within the first six
grades, counting those who attended the Willow Springs
School, and also those who attended the Fayetteville
School, the average daily attendance was less than twen-
ty. The evidence showed that some children who live in
an adjoining county attended the Willow Springs School
before the consolidation.

Right of appeal and the tribunals of such appeals is provided for in Articles 2656 and 2686 of Vernon's Civil Statutes. The interested parties had the choice of appellate tribunals and chose to appeal to the State Superintendent of Public Instruction and the State Board of Education; any right which they ever had on the facts are foreclosed by the final decisions of those agencies.

In the case of Blair v. Board of Trustees, Trinity Independent School District, 161 S.W.(2d) 1030, the Court quotes from the opinion written by Judge Alexander while a member of the Waco Court of Civil Appeals, in Gragg v. Hill, 58 S. W. 2d 150, (Writ refused) as follows:

"By the provisions of the above statute (Art. 2656, R. S. 1925) the Legislature has committed to the state superintendent, as one specially trained and experienced in school matters, the responsibility of deciding all questions relating to the internal affairs and management of the public schools of Texas. His decisions in such matters are final unless reversed by the state board of education, the decision of that board becomes final and cannot and will not be interfered with by the courts unless such board acts arbitrarily or is actuated by fraud or abuses its discretion. The findings of such board on matters committed to its jurisdiction, when not arbitrary or capricious, are prima facie true and are as binding on the courts as is the verdict of a jury, and the court will not put itself in the position of the board and try the question anew for the purpose of testing the expediency or wisdom of the decision of the board, nor for the purpose of determining whether or not under similar testimony it would have made a similar or a different ruling."

We are of the opinion that the fact issues involved in the closing of the Willow Springs Elementary School and transferring its scholastics to the Fayetteville School have been finally adjudicated and are not subject to review.

Appeals may be taken from the final decisions of the State Board of Education to the courts, to review law questions, if such appeals be prosecuted in a reasonable time.

No time being fixed in which appeals may be taken from the State Board to the courts, the interested parties had a reasonable time, after judgment, in which to make such appeal for review of any law question involved. The judgment of the State Board of Education was rendered on February 6, 1947, and no such appeals have been taken as of this date.

In Trustees of Chillicothe Independent School District v. Dudney, 142 S. W. 1007, the Court had the question of the time allowed for appeal where no time is fixed and, in that regard, said:

"In the absence of any such a rule, the sole inquiry is: What is a reasonable time under all conditions surrounding the instant case? The district judge, after a full hearing, has decided that 30 days was a reasonable time within which appellee herein should have prosecuted his appeal to the State Superintendent. By reason of the chaotic condition of the affairs existing in the Chillicothe School, appellee should have prosecuted his appeal with all reasonable dispatch."

It had been shown in that case, that the appeal could have been made in 18 days.

In Watkins v. Huff, 63 S.W. 922, the Court said, concerning the time for such appeals:

"The Statutes providing for such appeals are silent as to procedure, and prescribe no time within which to perfect the appeal. A reasonable time, without unnecessary delay, is the rule in such cases. Harkness v. Hutcherson, 90 Tex. 385, 38 S.W. 1120."

We are of the opinion that more than a reasonable time in which to appeal to the courts has elapsed since February 6, 1947, by reason of which the decision of the State Board of Education, rendered on that date, closing the Willow Springs Elementary School, has become final on all justiciable issues of both fact and law.

### SUMMARY

Where the Trustees of the Fayetteville Rural High School District closed the Willow

Springs Elementary School in Fayette County
and those opposed to such action appealed to
the State Superintendent of Public Instruction,
and to the State Board of Education, both of
whom affirmed such action and final decision
of the State Board was rendered on February 6,
1947, and no appeal therefrom was taken, all
issues of both law and fact concerning the
closing of said school are now foreclosed.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          *W. T. Williams*

W. T. Williams
Assistant


APPROVED

*Price Daniel*

ATTORNEY GENERAL

WTW:djm:jrb